**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JOSEPH DONNELL WHITE                                                            PETITIONER

v.                                                                    NO. 3:13-cv-837-DCB-MTP

WARDEN M. MARTIN                                                              RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Joseph Donnell White for a Writ of

Habeas Corpus [1] filed under 28 U.S.C. § 2241 and Petitioner's Motion for Writ of Mandamus

[21]. Having considered the submissions of the parties and the applicable law, the undersigned

recommends that the Petition [1] be denied for failure to exhaust administrative remedies, that

the Motion [21] be denied, and that this action be dismissed without prejudice.

## BACKGROUND

On May 16, 2005, Petitioner was arrested by local authorities in Mississippi for robbery

and burglary. (Declaration of Andrew Roush [9-2] at 2; MDOC Inmate Time Sheet [9-3] at 2.)

On June 14, 2005, while in state custody, Petitioner was transferred to the custody of federal

authorities pursuant to an arrest warrant[1] issued by the United States District Court for the

Southern District of Mississippi. ([9-2] at 3; Custody and Detention Report [9-4] at 3; Arrest

Warrant [9-5] at 2-3.) On October 14, 2005, Petitioner pled guilty to possession of a firearm by

a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced in federal court to a

---

[1] Respondent asserts that federal authorities gained custody over Petitioner pursuant to a
federal writ of habeas corpus *ad prosequendum*. The record, however, does not support this
assertion. Instead, the record demonstrates that federal authorities gained custody over
Petitioner pursuant to an arrest warrant. ([9-5] at 2-3.)

1

thirty-eight month term of imprisonment with three years of post-release supervision. ([9-2] at 3; Judgment [9-6] at 2-5.)

At some point after Petitioner was sentenced in federal court, he was returned to state custody. ([9-2] at 3; 9-3 at 2.)  On June 19, 2006, the Hinds County Circuit Court sentenced Petitioner to a ten-year term of imprisonment for burglary and armed robbery. ([9-2] at 3; [9-3] at 2.)  Petitioner remained in state custody until 2012.  On December 14, 2012, Petitioner was resentenced in state court to a term of seven years and six months and was ordered released to a federal detainer. ([9-2] at3; Resentencing Order [9-7] at 2.)  On December 26, 2012, Petitioner was transferred to the custody of the United States Marshals Service to serve his federal sentence. ([9-2] at 3; [9-4] at 3.)

On April 18, 2013, Petitioner filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, asserting that his federal sentence commenced on October 14, 2005, not December 26, 2012, as the Government asserts.  As such, Petitioner claims that his sentence has expired and he is entitled to an immediate release from his sentence.  Petitioner also filed a Petition for Writ of Mandamus [21], requesting that the Court order his immediate release.  In his Response [9], Respondent argues, *inter alia*, that Petitioner failed to exhaust his administrative remedies.

## ANALYSIS

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  However, before a prisoner may pursue such a claim in federal court, he is required to exhaust his administrative remedies with the Bureau of Prisons ("BOP").  *U.S. v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)

("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."); *U.S. v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("Prisoners may then seek administrative review of the computations of their credit . . . and, once they have exhausted their administrative remedies, prisoners may only *then* pursue judicial review of these computations."); *U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) ("At this juncture, should [petitioner] wish to contest the BOP's denial of credit for the time he served in state custody, [petitioner] must first pursue his administrative remedies").

Respondent has submitted a declaration of Melinda Chandler, an Administrative Remedy Clerk with the BOP, stating that Petitioner has not filed any administrative grievances through the BOP's administrative remedy program. ([9-12] at 3; [9-13] at 2.)  Petitioner agrees that he did not exhaust his administrative remedies. ([1] at 2.)

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62.  Petitioner argues that requiring him to file an administrative grievance would be a miscarriage of justice. (Reply [17] at 6.)  Petitioner's conclusory statement, however, does not meet the burden of demonstrating that administrative review would be futile.  The BOP should have an opportunity to consider Petitioner's claims, and consider possible relief, prior to Petitioner's pursuit of a habeas petition involving a sentence calculation.  Accordingly, Petitioner's request for habeas relief should be denied for failure to exhaust his administrative

remedies.

## RECOMMENDATIONS

For the reasons stated above, the undersigned recommends that:

1.      Petitioner's Motion for Writ of Mandamus [21] be DENIED,

2.      Petitioner's Petition for Writ of Habeas Corpus [1] be DENIED without prejudice, and

3.      This action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th day of August, 2015.

s/ Michael T. Parker
United States Magistrate Judge

4